FILED

APR 20 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            o-CC      DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. ZACHMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>WELLS FARGO N.A.,<br><br>                    Defendant. | Case No.: 15-cv-2909-BEN (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before this Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), filed by Defendant Wells Fargo N.A. (Docket No. 8.) Plaintiff James Zachman filed an Opposition. (Docket No. 10.)

## BACKGROUND[1]

Plaintiff James Zachman, proceeding *pro se*, filed a Complaint alleging California state law claims for negligence, breach of contract, and "aiding and abetting a breach of fiduciary duty." (Docket No. 1.) This case arises from an alleged unlawful transfer of funds from a limited liability company bank account.

Real Time Data Services LLC ("Data Services") is organized under the laws of Delaware. (Compl. ¶ 10, Ex. A.) Data Services is comprised, in relevant part, of two

---

[1] Unless otherwise noted, the Court is not making any factual findings, but rather summarizing the allegations of Plaintiff's Complaint for purposes of evaluating Defendant's Motion to Dismiss.

members, two Co-Presidents, and one manager. (Compl. Ex. A.) Plaintiff is Co-President, member, and sole manager of Data Services. (Compl. ¶¶ 1, Ex. A.) CBS Accounting Services, in New Delhi, is the remaining member, and is represented by Ms. Sangeeta Chhabra. (Compl. Ex. A.) Ms. Chhabra is also Co-President. (*Id.*) Plaintiff and CBS Accounting each own a fifty percent interest in Data Services. (*Id.*)

As the sole manager, Plaintiff was in charge of all of Data Services' U.S. banking and financial activities. (Compl. ¶ 12.) Plaintiff created a bank account for Data Services at Wells Fargo (the "9809 account"). (Compl. ¶ 23, Ex. E.)

In May 2012, Ms. Chhabra "locked the Plaintiff out of the operations of Data Services by commandeering the computer servers." (Compl. ¶ 13.) Plaintiff then shut Ms. Chhabra out of the 9809 account until the dispute could be resolved. (Compl. ¶ 14.) On June 18, 2012, Ms. Chhabra created a Wells Fargo account (the "9039 account") for a company called "My Real Data Services LLC," using Data Services' Employer Identification Number and Delaware business file number. (Compl. ¶¶ 16, 17.) According to Plaintiff, Wells Fargo contacted the State of Delaware and found no record of the company My Real Data Services, yet created the account anyway. (Compl. ¶ 19.) Then, sometime between June 18 and July 1, 2012, the company name on the 9039 account changed from "My Real Data Services LLC" to "Real Time Data Services LLC". (Compl. ¶ 20.)

Ms. Chhabra used the Wells Fargo 9039 account to divert over $300,000 from Data Services to an account in India. (Compl. ¶ 28.)

## LEGAL STANDARD

A challenge to the existence of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be either facial or factual in nature. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves a limited inquiry into the allegations of the complaint. *Id.* In doing so, courts must assume all material allegations in the complaint to be true and determine whether a lack of federal

jurisdiction appears from the complaint itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

## DISCUSSION

Wells Fargo moves to dismiss the Complaint for lack of subject-matter jurisdiction and standing under Rule 12(b)(1). Wells Fargo also argues that Plaintiff's three state law claims fail under Rule 12(b)(6). The Court need not perform the Rule 12(b)(6) analysis because Plaintiff failed to establish diversity jurisdiction and standing.

### I. Diversity Jurisdiction

Wells Fargo argues that Plaintiff has failed to meet his burden showing that diversity jurisdiction exists.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts may hear cases that involve a federal question or are based in diversity. 28 U.S.C. §§ 1331, 1332; *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction exists if a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts have diversity jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff alleges three state law claims: negligence, breach of contract, and aiding and abetting a breach of fiduciary duty. As this case does not arise under a federal law, Plaintiff must satisfy the diversity jurisdiction requirement.

"[A] national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (finding that Wells Fargo is a citizen of South Dakota).

According to the Complaint, Plaintiff is a citizen of California and Wells Fargo "is a corporation organized under California laws and is registered to conduct business in all fifty states." (Compl. ¶¶ 5-6.) Plaintiff did not allege that Wells Fargo's main office is in

California or in any other state. In his Opposition, however, Plaintiff asserts that Wells Fargo is a citizen of South Dakota. (Opp'n 6.)

The Complaint is devoid of facts showing that diversity jurisdiction exists. Defendant's Motion is therefore **GRANTED** for lack of subject-matter jurisdiction.

## II. Standing

Defendant argues that Plaintiff lacks standing to bring this lawsuit because he was not harmed in his individual capacity. Plaintiff did not respond to this argument.

The plaintiff bringing an action in the federal court has the burden to show that Article III standing exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Snake River Farmers' Ass'n, Inc. v. Dep't of Lab.*, 9 F.3d 792, 795 (9th Cir. 1993). Specifically, the plaintiff must show (1) an injury in fact; (2) traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560.

In California, a limited liability company is governed by the "law of the state or other jurisdiction under which [it] is formed." Cal. Corp. Code § 17708.01. Data Services was organized under Delaware law. Accordingly, the Court looks to Delaware law to determine whether Plaintiff has any individual right to Data Services' assets.

Delaware courts have held that case law governing corporate derivative suits is applicable to derivative suits brought on behalf of an LLC. *See Kelly v. Blum*, No. 4516-VCP, 2010 WL 629850, at *9 (Del. Ch. Feb. 24, 2010); *VGS, Inc. v. Castiel*, No. 17995, 2003 WL 723285, at *11 (Del. Ch. Feb. 28, 2003); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, No. 15754, 1998 WL 832631, at *5 (Del. Ch. Nov. 10, 1998). In determining whether a claim is derivative or direct, "[a] court should look to the nature of the wrong and to whom the relief should go." *Tooley v. Donaldson, Lufkin & Jenrette*, 845 A.2d 1031, 1039 (Del. 2004). A direct lawsuit is proper where the plaintiff is directly injured by the defendant's conduct. *See VGS, Inc.*, 2003 WL 723285, at *11. In other words, a suit to recover damages to an LLC must be brought in that LLC's name.

///

    Plaintiff initiated this action in his individual capacity, claiming that money, of which he had a fifty percent interest *as a member* of Data Services, was unlawfully or fraudulently transferred out of a Data Services account, to another company out of his reach. Taking the allegations of Plaintiff's Complaint as true, Plaintiff did not suffer injury in his individual capacity. Rather, it appears that Data Services was directly harmed. As such, Plaintiff cannot show he has suffered an injury in fact and therefore lacks standing. The Court therefore **GRANTS** Defendant's motion for lack of standing.

## CONCLUSION

    The Court **GRANTS** Defendant's Motion to Dismiss. The Complaint is **DISMISSED**. The Clerk shall close the case. However, the Court **GRANTS** Plaintiff leave to file a First Amended Complaint on or before **May 23, 2016**. If Plaintiff does not file an amended complaint, the case shall remain closed without further order of the Court.

**IT IS SO ORDERED.**

DATED: April 19, 2016

HON. ROGER T. BENITEZ
United States District Judge