FILED

16 DEC -7 PM 1:59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:         ML  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. ZACHMAN,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO N.A.,<br><br>  Defendant. | Case No.: 3:15-cv-02909-BEN-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS;**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO AMEND;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR APPROVAL OF SUPPLEMENTAL PLEADINGS**<br><br>**[DOCKET NOS. 23, 26, 38]** |

Pending before the Court are: 1) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 23), 2) Plaintiff's Motion to Amend Complaint (Docket No. 26); and 3) Plaintiff's Motion for Approval of Supplemental Pleading (Docket No. 38). Each motion has been fully briefed. The Court finds the Motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set for below, Defendant's motion is **GRANTED with leave to amend,** and Plaintiffs' motions are **DENIED as moot.**

# BACKGROUND[1]

Plaintiff James A. Zachman, proceeding *pro se*, filed his initial Complaint against Defendant Wells Fargo Bank N.A. ("Wells Fargo") on December 28, 2015. (Docket No. 1.) The Complaint alleged California state law claims for negligence, breach of contract, and "aiding and abetting a breach of fiduciary duty." (*Id.*)

Plaintiff filed his First Amended Complaint ("FAC") on May 16, 2016. (Docket No. 20.) The operative facts of the FAC are similar to the initial Complaint. Plaintiff re-alleges his previous California state law claims for negligence and "aiding and abetting a breach of fiduciary duty." (*Id.*) The FAC alleges three new state law claims for violation of California's Unfair Competition Act, aiding and abetting fraud, and aiding and abetting conversion, and one federal claim for violation of the Racketeer Influenced Corrupt Organizations Act. (*Id.*) Plaintiff's claims arise out of an alleged unlawful creation of a Wells Fargo limited liability company bank account and subsequent unlawful transfers of funds to a third-party account by a third-party individual. (*Id.*)

Real Time Data Services LLC ("Data Services") is organized under the laws of Delaware. (Compl. ¶ 15.) Since March 27, 2008, Data Services is comprised, in relevant part, of two members, two Co-Presidents, and one manager. (Compl. Ex. A.) Plaintiff is Co-President, member and sole manager of Data Services. (*Id.*) CBS Accounting Services, in New Delhi, Inda, is the remaining member, and is represented by Ms. Sangeeta Chhabra. (*Id.*) Ms. Chhabra is also Co-President. (*Id.*) Plaintiff and CBS Accounting each own a fifty percent interest in Data Services. (*Id.*)

As the sole manager, Plaintiff was in charge of all of Data Services' U.S. banking and financial activities. (Compl. ¶ 17.) In January 2009, Plaintiff created a bank account for Data Services at Wells Fargo (the "9809 account"). (Compl. ¶ 18.) In May 2012, a

---

[1] Unless otherwise noted, the Court is not making any factual findings, but rather summarizing the relevant allegations of Plaintiff's First Amended Complaint for purposes of evaluating Defendant's Motion to Dismiss.

dispute arose between Plaintiff and Ms. Chhabra, resulting in Ms. Chhabra "lock[ing] the Plaintiff out of the operations of Data Services by commandeering the computer servers." (Compl. ¶ 19.) Plaintiff then shut Ms. Chhabra out of the 9809 account until the dispute could be resolved. (Compl. ¶ 14.) On June 18, 2012, Ms. Chhabra created a Wells Fargo account (the "9039 account") for a company called "My Real Data Services LLC" at the Fairfax branch in Lewes, Delaware. (Compl. ¶ 22.) Ms. Chhabra created the account using Indian passports, a Delaware registering agent's address, and Data Services' Employer Identification Number, Delaware business file number, and Entity Member document. (Compl. ¶¶ 22-23.)

According to Plaintiff, Wells Fargo contacted the State of Delaware to verify the file number and found no record of the company My Real Data Services, yet created the account anyway. (Compl. ¶¶ 25-26.) Then, sometime between June 18 and July 1, 2012, the company name on the 9039 account changed from "My Real Data Services LLC" to "Real Time Data Services LLC". (Compl. ¶ 27.) Over the next few months, Ms. Chhabra used the Wells Fargo 9039 account to transfer over $350,000 to an account in India. (Compl. ¶¶ 32-34.) The 9039 account allowed Ms. Chhabra to "carry out her scheme to unlawfully cut [Plaintiff] out the LLC's management and ownership [sic]." (Compl. 34.) Ms. Chhabra's plans included taking control of Data Services' finances by "moving the LLC's bank account to her own Data Services Wells Fargo account." (*Id.*)

Wells Fargo has an obligation to comply with the obligations set forth in the Banking Secrecy Act ("BSA") and the Patriot Act. (Compl. ¶ 37.) Plaintiff alleges Wells Fargo knew Ms. Chhabra provided a false business name, "chose to ignore the false information," and provided Ms. Chhabra with banking services. (Compl. ¶¶ 43, 48.)

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint on December 28, 2015. (Docket No. 1.) On February 9, 2016, Defendant filed a Motion to Dismiss the Complaint for lack of jurisdiction and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (Docket No. 8.) On April 20, 2016, after taking the matter on

submission, the Court granted Defendant's Motion to Dismiss on the grounds that the allegations in Plaintiff's Complaint failed to establish subject matter jurisdiction or standing to bring the claims for relief. Plaintiff was granted leave to file an amended complaint by May 23, 2016. (Docket No. 19.) Plaintiff filed his First Amended Complaint ("FAC") on May 16, 2016. (Docket No. 20.)

On June 6, 2016, Defendant filed a Motion to Dismiss the FAC. (Docket No. 23.) On July 12, 2016, Plaintiff filed a Motion to Amend Complaint. (Docket No. 26.) On July 21, 2016, the Court took Defendant's Motion to Dismiss the FAC under submission. (Docket No. 31.) On September 2, 2016, the Court took Plaintiff's Motion to Amend under submission. (Docket No. 33.) On October 6, 2016, Plaintiff filed a Motion for Approval of Supplemental Pleading, which the Court also took under submission. (Docket Nos. 38, 41.)

## LEGAL STANDARD

A challenge to the existence of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be either facial or factual in nature. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves a limited inquiry into the allegations of the complaint. *Id.* In doing so, courts must assume all material allegations in the complaint to be true and determine whether a lack of federal jurisdiction appears from the complaint itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 2 594 F.2d 730, 733 (9th Cir. 1979).

## DISCUSSION

Wells Fargo moves to dismiss the FAC for failure to cure the deficiencies in the Complaint regarding the lack of subject-matter jurisdiction and standing under Rule 12(b)(1). Wells Fargo further argues that Plaintiff's federal claim and five state law claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). The Court need not perform the Rule 12(b)(1) analysis of Defendant's subject-matter jurisdiction challenge or Rule 12(b)(6) analysis of Plaintiff's claims because Plaintiff failed to establish standing in the FAC.

As discussed in the Court's April 20, 2016 Order (Docket No. 19), a plaintiff bringing an action in the federal court has the burden to show that Article III standing exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Snake River Farmers' Ass'n, Inc. v. Dep't of Lab.*, 9 F.3d 792, 795 (9th Cir. 1993). Specifically, the plaintiff must show (1) an injury in fact; (2) traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560.

In California, a limited liability company is governed by the "law of the state or other jurisdiction under which [it] is formed." Cal. Corp. Code § 17708.01. Data Services was organized under Delaware law. Accordingly, the Court looks to Delaware law to determine whether Plaintiff has any individual right to Data Services' assets.

Delaware courts have held that case law governing corporate derivative suits is applicable to derivative suits brought on behalf of an LLC. *See Kelly v. Blum*, No. 4516-VCP, 2010 WL 629850, at *9 (Del. Ch. Feb. 24, 2010); *VGS, Inc. v. Castiel*, No. 17995, 2003 WL 723285, at *11 (Del. Ch. Feb. 28, 2003); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, No. 15754, 1998 WL 832631, at *5 (Del. Ch. Nov. 10, 1998). In determining whether a claim is derivative or direct, "[a] court should look to the nature of the wrong and to whom the relief should go." *Tooley v. Donaldson, Lufkin & Jenrette*, 845 A.2d 1031, 1039 (Del. 2004). A direct lawsuit is proper where the plaintiff is directly injured by the defendant's conduct. *See VGS, Inc.*, 2003 WL 723285, at *11. In other words, a suit to recover damages to an LLC must be brought in that LLC's name.

28 U.S.C. § 1654 sets forth the general rule "establishing the right of an individual to represent *oneself* in all federal courts of the United States." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (emphasis added). "Section 1654 is intended to provide *individuals* with equal access to the courts by permitting individuals to represent *themselves*." *Id.* (emphasis added). Additionally, "it is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or *entities*." *Id.*, citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (citation omitted) (emphasis added).

Here, Plaintiff's FAC suffers from the same pleading deficiencies regarding standing as in his initial Complaint. Plaintiff brought this action in his *individual* capacity, claiming that money, of which he had a fifty percent interest *as a member* of Data Services, was unlawfully or fraudulently transferred out of a *Data Services'* bank account (which was serviced by Wells Fargo), to another bank account in India, which he cannot access. (Compl. ¶¶32-34, 45.) Taking the relevant allegations of Plaintiff's FAC as true, Plaintiff has not established that he has suffered harm in his *individual* capacity. As alleged, Plaintiff's FAC suggests that Data Services, *a non-individual entity*, was directly harmed. As such, Plaintiff has not shown he has suffered an injury in fact in his *individual* capacity and therefore lacks standing.

The Court therefore **GRANTS** Defendant's motion for lack of standing.

## CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss. The Complaint is **DISMISSED with leave to amend**. As a result, Plaintiff's Motion to Amend and Motion for Approval or Supplemental Pleadings are **DENIED as moot**. Plaintiff may file a Second Amended Complaint on or before **December 28, 2016**. If Plaintiff does not file an amended complaint, the Clerk shall close this case without further order of the Court.

**IT IS SO ORDERED.**

DATED: December __, 2016

HON. ROGER T. BENITEZ
United States District Judge