FILED
17 AUG -1 PM 3:21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: AJS    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. ZACHMAN,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO N.A.,<br><br>Defendant. | Case No.: 3:15-cv-02909-BEN-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Wells Fargo N.A. ("Wells Fargo"). (Docket No. 46.) The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendant's Motion is **GRANTED**.

///
///
///
///
///
///
///

# BACKGROUND[1]

Real Time Data Services LLC ("Data Services") is organized under the laws of Delaware. (FAC ¶ 15.) In March 27, 2008, Data Services was comprised, in relevant part, of two members, two Co-Presidents, and one manager. (FAC, Ex. A.) At that time, Plaintiff James A. Zachman was the Co-President, member and sole manager of Data Services. (*Id.*) CBS Accounting Services, in New Delhi, India, was the remaining member, and was represented by Ms. Sangeeta Chhabra. (*Id.*) Ms. Chhabra was also Co-President. (*Id.*) Plaintiff and CBS Accounting each owned a fifty percent interest in Data Services. (*Id.*)

As the sole manager, Plaintiff was in charge of all of Data Services' U.S. banking and financial activities. (SAC ¶ 15.) In January 2009, Plaintiff created a bank account for Data Services at Wells Fargo (the "9809 account"). (*Id.* ¶ 18.) In May 2012, a dispute arose between Plaintiff and Ms. Chhabra, resulting in Ms. Chhabra "lock[ing] the Plaintiff out of the operations of Data Services by commandeering the computer servers[.]" (*Id.* ¶ 19.) Plaintiff then shut Ms. Chhabra out of the 9809 account until the dispute could be resolved. (*Id.* ¶ 20.) On June 18, 2012, Ms. Chhabra and Sahil Chhabra (collectively "the Chhabras") created a Wells Fargo account (the "9039 account") for a company called "My Real Data Services LLC" at the Fairfax branch in Lewes, Delaware. (*Id.* ¶ 22.) The Chhabras created the account using Indian passports, a Delaware registering agent's address, and Data Services' Employer Identification Number, Delaware business file number, and Entity Member document. (*Id.* ¶¶ 22-23.)

According to Plaintiff, a Wells Fargo banker contacted the State of Delaware to verify the file number and found no record of the company My Real Data Services, yet

---

[1] In his Second Amended Complaint (Docket No. 45, "SAC"), Plaintiff incorporated by reference "[a]ll facts exhibits, arguments and counts" from his First Amended Complaint (Docket No. 20, "FAC"). (*See* SAC at p. 2.) Therefore, the Court's summary of the allegations is similar to its prior Order, and new allegations will be discussed where relevant to the Court's analysis. The Court is not making findings of fact.

created the account anyway. (SAC ¶¶ 25-26.) Then, sometime between June 18 and July 1, 2012, the company name on the 9039 account changed from "My Real Data Services LLC" to "Real Time Data Services LLC." (*Id.* ¶ 27.) Over the next few months, the Chhabras used the Wells Fargo 9039 account to transfer over $350,000 to an account in India. (*Id.* ¶ 32.) The 9039 account allowed Ms. Chhabra to "carry out her scheme to unlawfully cut [Plaintiff] out the LLC's management and ownership [sic]." (*Id.* ¶ 34.) Ms. Chhabra's plans included taking control of Data Services' finances by "moving the LLC's bank account to her own Data Services Wells Fargo account." (*Id.*)

Wells Fargo has an obligation to comply with the obligations set forth in the Banking Secrecy Act ("BSA") and the Patriot Act. (SAC ¶ 37.) Plaintiff alleges Wells Fargo knew the Chhabras provided a false business name, "chose to ignore the false information," and provided Ms. Chhabras with banking services. (*Id.* ¶¶ 43, 48.)

## PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed his initial Complaint against Defendant on December 28, 2015. (Docket No. 1.) The Complaint alleged California state law claims for negligence, breach of contract, and "aiding and abetting a breach of fiduciary duty." (*Id.*) Rather than file an answer, Defendant moved to dismiss. (Docket No. 8.) On April 20, 2016, the Court granted Defendant's motion to dismiss without prejudice for lack of subject-matter jurisdiction and because Plaintiff lacked standing to bring his claims. (Docket No. 19.)

Plaintiff filed his FAC on May 16, 2016. (Docket No. 20.) The operative facts of the FAC were similar to the initial Complaint; Plaintiff re-alleged his previous California state law claims for negligence and "aiding and abetting a breach of fiduciary duty," and added three new state law claims for violation of California's Unfair Competition Act, aiding and abetting fraud, and aiding and abetting conversion, and one federal claim for violation of the Racketeer Influenced Corrupt Organizations Act. (*Id.*) Defendant again moved to dismiss. (Docket No. 23.) On December 7, 2016, the Court granted Defendant's motion to dismiss without prejudice on the same grounds as its earlier Order,

i.e. because Plaintiff still had not established his standing to bring his claims. (Docket No. 43.)

On December 21, 2016, Plaintiff filed the operative SAC, which reasserted the same claims for relief previously alleged in the FAC. (Docket No. 45.) In the instant motion, Defendant moves again to dismiss Plaintiff's action (Docket No. 46), and the Court concludes that dismissal without leave to amend is now warranted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. The party opposing a motion to dismiss brought under Rule 12(b)(1) bears the burden of proving that the case is properly in federal court. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.") (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Dismissal is appropriate if the complaint, considered in its entirety, on its face fails to allege facts that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 985 (9th Cir. 2008) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990)).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted in original)). In a facial attack, the moving party contends that the complaint's allegations are insufficient on their face to invoke federal jurisdiction. *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

## DISCUSSION

As it did in its two prior motions to dismiss, Wells Fargo moves to dismiss the SAC for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1),[2] and for failure to state a claim pursuant to Rule 12(b)(6). Once again, the Court finds Rule 12(b)(6) analysis of Plaintiff's claims is unnecessary because Plaintiff failed to establish his standing to bring the claims asserted in the SAC.

Plaintiff, as the party seeking federal jurisdiction, has the burden of showing that Article III standing exists. *Brooke v. Kalthia Grp. Hotels*, No. 15CV1873-GPC(KSC), 2015 WL 7302736, at *3 (S.D. Cal. Nov. 18, 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To demonstrate standing, Plaintiff must show (1) an injury in fact; (2) traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560.

As the Court discussed in its April 20, 2016 and December 7, 2016 Orders, in California, a limited liability company is governed by the "law of the state or other jurisdiction under which [it] is formed." Cal. Corp. Code § 17708.01. Data Services was organized under Delaware law. Accordingly, the Court looks to Delaware law to determine whether Plaintiff has any individual right to Data Services' assets.

Delaware courts have held that case law governing corporate derivative suits is applicable to derivative suits brought on behalf of an LLC. *See Kelly v. Blum*, No. 4516-VCP, 2010 WL 629850, at *9 (Del. Ch. Feb. 24, 2010); *VGS, Inc. v. Castiel*, No. 17995, 2003 WL 723285, at *11 (Del. Ch. Feb. 28, 2003); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, No. 15754, 1998 WL 832631, at *5 (Del. Ch. Nov. 10, 1998). In determining whether a claim is derivative or direct, "[a] court should look to the nature of the wrong and to whom the relief should go." *Tooley v. Donaldson, Lufkin & Jenrette*, 845 A.2d 1031, 1039 (Del. 2004). A direct lawsuit is proper where the plaintiff is

---

[2] All references to Rules in this Order are to the Federal Rules of Civil Procedure, unless stated otherwise.

directly injured by the defendant's conduct. *See VGS, Inc.*, 2003 WL 723285, at *11. Put another way, a suit to recover damages to an LLC must be brought in that LLC's name.

Additionally, although 28 U.S.C. § 1654 sets forth the general rule "establishing the right of an individual to represent oneself in all federal courts of the United States," it is only "intended to provide *individuals* with equal access to the courts by permitting individuals to represent *themselves*." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (emphasis added). Additionally, "it is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or *entities*." *Id.*, citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (citation omitted) (emphasis added).

Plaintiff's SAC does not cure the standing-related pleading deficiencies the Court previously identified in both his initial Complaint and the FAC. (*See* Docket Nos. 19, 43.) All of the allegations in the SAC (and incorporated by reference in the FAC) suggest, at most, that *Data Services'* suffered harm for which Well Fargo may be liable.[3] Plaintiff, proceeding *pro se* and in his individual capacity, can neither represent nor recover damages for harms allegedly suffered by *Data Services*, a non-individual entity. In short, Plaintiff has failed his third attempt to meet his burden to state facts establishing his standing, and ultimately, this Court's jurisdiction to hear his claims. As a result, Defendant's motion to dismiss to dismiss the SAC is **GRANTED**, and Plaintiff's SAC is **DISMISSED without leave to amend.**

**IT IS SO ORDERED.**

DATED: July 3/, 2017

HON. ROGER T. BENITEZ
United States District Judge

---

[3] The Court is not commenting on the merits of the claims against Wells Fargo asserted in the SAC, but attempting to distinguish why Plaintiff cannot bring what appear to be Data Services' claims.